**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **FERNANDO BENNEFIELD,** | **:** | |
| | **:** | |
| **Petitioner,** | **:** | |
| **v.** | **:** | **Case No. 5:26-cv-200-TES-CHW** |
| | **:** | |
| **JOSHUA JONES,** | **:** | |
| | **:** | |
| **Respondent.**[1] | **:** | |
| _____ | **:** | |

**<u>ORDER</u>**

Pending before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by *pro se* Petitioner Fernando Bennefield, an inmate in the Valdosta State Prison in Valdosta, Georgia (ECF No. 1). Petitioner is challenging his 2023 conviction in the Superior Court of Dooly County, Georgia for aggravated assault and an unlawful act of violence in a penal institution. ECF No. 1 at 1. Petitioner also seeks leave to proceed *in forma pauperis* in this case (ECF No. 2). A review of this motion shows that Petitioner cannot now pay the required filing fee. His motion to proceed *in forma pauperis* is therefore **GRANTED.**

It is now **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner

---

[1] On his 28 U.S.C. § 2254 form, Petitioner named two Respondents in this action: Joshua Jones, the warden of Hays State Prison, and the prison itself. ECF No. 1 at 1. Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts provides that "if the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody." Thus, while Warden Jones is an appropriate respondent, the prison itself is not. The Clerk may therefore **TERMINATE** the prison as a party to this action.

amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in the initial petition.   If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the initial petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.   Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss.   Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.   Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF.   A copy of this

Order shall also be served by the Clerk by U.S. mail upon Petitioner.   Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change in his mailing address may result in the dismissal of this action.

**SO ORDERED**, this 16th day of June, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge